**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL MCCLENTON,**<br>*Petitioner*,<br><br>**v.**<br><br>**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, *et al.*,**<br>*Respondents*. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **CIVIL ACTION**<br>**NO. 14-5321** |

# ORDER

**AND NOW**, this 28th day of August 2026, upon consideration of Petitioner Michael McClenton's, ("Petitioner"), petition for writ of *habeas corpus*, filed pursuant to 28 U.S.C. § 2254, (the "Petition"), (ECF 1); Petitioner's *supplemental petition and memorandum of law,* (ECF 26); Respondents' response in opposition, (ECF 41); the state court record; the *Report and Recommendation*, (the "R&R"), issued on January 29, 2025, by the Honorable Jose R. Arteaga, United States Magistrate Judge, (the "Magistrate Judge"), who, in his 38-page well-reasoned report recommends that the claims in Petition be dismissed, for lack of merit and/or procedurally defaulted and without a certificate of appealability, (ECF 84); Petitioner's counseled objection to the R&R, (ECF 92); and, after conducting a *de novo* review of the objections, it is hereby **ORDERED** that:

1. The Report and Recommendation, (the "R&R"), is **APPROVED** and **ADOPTED**;
2. The objection to the R&R is without merit and is **OVERRULED**;[1]

---

[1] Following a jury trial in the Philadelphia Court of Common Pleas, Petitioner, represented by counsel, was convicted of attempted burglary, criminal conspiracy, and criminal trespass. On August 7, 2013, Petitioner was sentenced to an initial aggregated term of 20-40 years of incarceration, which was later reduced to a sentence of 10-20 years of incarceration. The sentence Petitioner received was subject to a 10-year mandatory statutory penalty because of Petitioner's criminal history.

In 2014, Petitioner filed a *pro se* petition for a writ of *habeas corpus*, raising nine claims for relief. (ECF 1). The case was initially assigned to United States Magistrate Judge Thomas J. Rueter who, on December 9, 2014, issued a Report and Recommendation ("R&R") recommending that the matter be

stayed to allow for the exhaustion of certain pending state-court claims. (ECF 11). The R&R was approved by the Honorable Jan Dubois, and the matter was stayed. (ECF 13).

Once his state-court claims were disposed, on September 23, 2019, Petitioner promptly filed a supplemental *pro se* petition, raising five additional claims, including a claim of ineffective assistance of counsel. (ECF 26). Specifically, Petitioner argued that his trial counsel was ineffective at the plea stage by failing to advise him of the sentencing consequences (a ten-year mandatory minimum sentence) of rejecting a plea offer and being convicted at trial. In support of his argument, Petitioner presents, *inter alia*, his testimony offered under oath at state court, in which Petitioner testified that he had "never heard of" the rule that functioned to make a mandatory minimum sentence applicable to his case until after trial had concluded. (*Id*. at p. 11).

By Order dated November 30, 2020, the stay was lifted and this matter was reassigned to United States Magistrate Judge Richard A. Lloret for a supplemental R&R. (ECF 28). On December 1, 2020, Judge Lloret issued a scheduling order in which he directed, *inter alia*, Respondents to answer Petitioner's *habeas* claims. (ECF 29). After receiving several extensions, Respondents filed their response and argued that 13 of Petitioner's claims were either non-cognizable, procedurally defaulted, and/or meritless, and conceded that Petitioner was entitled to an evidentiary hearing on his claim of ineffective assistance of counsel because the record lacked any indication from Petitioner's trial counsel of whether counsel advised Petitioner of the mandatory minimum sentence exposure. (ECF 41). By Order dated June 16, 2021, Judge Lloret appointed counsel to represent Petitioner *solely* for the issue of whether a federal evidentiary hearing would be appropriate in this matter, noting that the propriety would be dependent on whether the state court had previously made a determination on the merits on Petitioner's ineffective assistance of counsel claim and whether that decision was reasonable under 28 USC §§ 2254(d)(1)-(2). (ECF 46). However, the parties stipulated to the necessity of a hearing, and one was ordered, (ECF 60), and held before Judge Lloret over the course of several days, (ECF 63, 68, 74, 77). Judge Lloret, however, retired without submitting an R&R. Thereafter, the case was reassigned to United States Magistrate Judge Jose R. Arteaga, (ECF 81), who, after reviewing the state record, the parties' filings, the evidentiary hearings transcripts, and the post-trial submissions, rendered the R&R, finding no basis to grant *habeas* relief. (ECF 84).

In a timely filed objection to the R&R, counsel for Petitioner lodged one objection; *to wit*: that Judge Artega improperly made credibility determinations regarding the witnesses' testimony at the evidentiary hearing centered on Petitioner's ineffective assistance of counsel claim, despite not having presided over the evidentiary hearings. Specifically, and relying on Pennsylvania state law jurisprudence, Petitioner's counsel argues that Judge Artega's credibility determinations amounted to a constitutional error and that Judge Arteaga and this Court must hold a new evidentiary hearing to make any determinations of witness' credibility. Petitioner's counsel also represents that the scope of his representation permitted by Judge Llorret's appointment of him, (ECF 46), precluded his ability to become familiar with and raise any further objection, despite the fact that Petitioner sought representation for the entirety of his case when initially moving to be appointed counsel, (ECF 92), an issue this Court deems waived.

In the absence of any objections, a magistrate judge's report and recommendation is reviewed under the "plain error" standard. *See Facyson v. Barnhart*, 2003 WL 22436274, at *2 (E.D. Pa. May 30, 2003). Under this plain error standard of review, a district court should only reject a report and recommendation if the magistrate judge committed an error that was "(1) clear or obvious, (2) affect[ed] 'substantial rights,' and (3) seriously affected the fairness, integrity or public reputation of judicial proceedings." *Leyva v. Williams*, 504 F.3d 357, 363 (3d Cir. 2007) (alteration in original) (internal quotations and citations omitted).

---

Where objections to an R&R are filed, the court must conduct a *de novo* review of the contested portions of the R&R, *see Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing Fed. R. Civ. P. 72(b); and U.S.C. § 636(b)(1)), provided the objection is both timely and specific, *see Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). Further, Local Rule of Civil Procedure 72.1(IV)(b) requires that written objections to reports and recommendations "specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections." In its *de novo* review, a court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. 28 U.S.C. § 636(b)(1). Although the review is *de novo*, the statute permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7.

Here, Petitioner contests only the portion of the R&R providing recommendations on the claim of ineffective assistance of counsel. Because this Court discerns no "plain error" on all other uncontested portions, it adopts Judge Arteaga's recommendation on the dismissal of Petitioner's 13 other claims, and proceeds to consider Petitioner's one objection.

Petitioner's sole objection is that Judge Arteaga committed a constitutional error in assessing the credibility of the witnesses who testified at the evidentiary hearing before Judge Lloret and recommending, based on those assessments, that Petitioner's ineffective assistance of counsel claim lacked merit. Petitioner is mistaken.

Federal Rule of Civil Procedure, ("Rule"), 63 governs the procedure for when a judge is unable to proceed – as in this case where Judge Lloret retired before rendering his R&R. Rule 63 provides as follows:

> If a judge conducting a hearing or trial is unable to proceed, *any other judge may proceed upon* certifying familiarity with the record and determining that the case may be completed without prejudice to the parties. In a hearing. . ., the successor judge must, at a party's request, recall any witness whose testimony is material and disputed and who is available to testify again without undue burden. The successor judge may also recall any other witness.

Fed. R. Civ. P. 63 (emphasis added).

"Express certification by the successor judge of a record is not required as long as the successor judge uses the procedure and language indicating that he has complied with the requirements of Rule 63." *In re Lang*, 293 B.R. 501, 509 (B.A.P. 10th Cir. 2003) (citing *Mergentime Corp. v. Washington Metropolitan Area Transit Authority*, 166 F.3d 1257, 1265 (D.C. Cir. 1999)). Accordingly, "[a] successor judge may certify familiarity by reviewing the record before him, which includes examining the docket, the pleadings, and *the transcripts from previous proceedings*. . . [and i]f the successor judge feels that, after certifying familiarity, factual findings and conclusions of law can be drawn from the record without prejudice to the parties, he may dispose of the case." *In re Petition of Frescati Shipping Co., Ltd.*, No. 05-CV-305 (JHS), 2016 WL 4035994, at *5 (E.D. Pa. July 25, 2016), *aff'd in part and vacated in part on other grounds*, *In re Frescati Shipping Co., Ltd.*, 886 F.3d 291 (3d Cir. 2018) (citation modified).

Moreover, "[i]n limited circumstances, a successor judge may make a finding of fact based on evidence heard by a different judge earlier in the proceeding." *Id.* (citation modified) (citing Fed. R. Civ. P. 63, Advisory Committee's note to 1991 amendment). The Advisory Committee's note to Rule 63 contemplates two circumstances in which a substitute judge may make a finding of fact based on evidence heard by a different judge:

> First, if a witness has become unavailable, the testimony recorded at trial can be considered by the successor judge pursuant to Fed. R. Evid. 804, being equivalent to a recorded deposition available for use at trial pursuant to Rule 32. For this purpose, a witness who is no longer subject to a subpoena to compel testimony at trial is unavailable. Secondly, the successor judge may determine that particular testimony is not material or is not disputed, and so need not be reheard. The propriety of the proceeding in this manner may be marginally affected by the availability of a videotape record; a judge who has reviewed a trial on videotape may be entitled to greater confidence in his or her ability to proceed.
>
> The court would, however, risk error to determine the credibility of a witness not seen or heard who is available to be recalled.

Advisory Committee's note to 1991 Amendment.

Here, Judge Arteaga certified his familiarity with the record by noting that he reviewed "the state court record, the parties' filings, and the evidentiary hearing transcripts" as well as the "audio recordings from the evidentiary hearing." (ECF 84 at pp. 2, 15). Following his review of the entire record, as noted, Judge Arteaga proceeded to make factual findings about the reasonableness of Petitioner's trial counsel's conduct. Petitioner, in post-evidentiary hearing briefing, disputed the credibility and veracity of certain witness' testimony on facts crucial to his ineffective assistance of counsel claim. (*See* ECF 80 at p. 3) (arguing neither Mr. Mincey's nor Ms. Meehan's testimony were credible and suggesting their testimony made clear they were "avoiding the truth that Petitioner was not advised of the 10-20 sentencing exposure before trial"). Therefore, this Court construes Petitioner's instant objection as being that Judge Arteaga's recommendation cannot be adopted because it was rendered based on improper credibility determinations. This Court notes, however, that the attorneys' 2023 testimony related to events that occurred in 2012.

Further, Judge Arteaga made credibility determinations based on the transcripts of evidentiary hearings and the audio recordings. That is, Judge Arteaga read the transcript and heard the testimony of both counsel prior to rendering his credibility determinations and issuing his R&R. As required, this Court, based on its own *de novo* review of the objection, the record, and Judge Arteaga's R&R, finds that the recommendation to dismiss Petitioner's ineffective assistance counsel claim is soundly based on undisputed evidence produced throughout the course of those hearings. Specifically, Attorney Maranna Meehan, who represented Petitioner in a separate federal supervised release proceeding, was called as an officer of the Court to testify before Judge Lloret in connection with this matter. During Attorney Meehan's testimony, a letter she had written to Petitioner in 2012 was authenticated and introduced. (*See* ECF 84 at p. 14). The letter provided, in relevant part, that "[a]ccording to [Petitioner's trial counsel Kevin Mincey], [Petitioner] rejected that offer because the time was to be served in prison, not on house arrest." (*Id.*) (first alteration in original). In post-hearing briefing, Petitioner's counsel recognizes that the letter "reflected Ms. Meehan having a conversation with Mr. Mincey where Mr. Mincey advised Ms. Meehan that a plea offer was rejected by Petitioner because he wanted to serve house arrest, and not any concerns with Federal Supervise Release." (ECF 80 at p. 2). Even though Petitioner's counsel argues that Ms. Meehan's testimony about her failure to recall any further specifics was incredible, no party disputes the authenticity of that evidence. Further, a new evidentiary hearing, as suggested by Petitioner would not have changed the testimony provided by the witnesses. This Court finds that, based on his exhaustive review and analyses, Judge Arteaga's credibility determinations were proper within Rule 63 or at worst, were harmless errors. Further, Judge Arteaga's conclusion that Petitioner's ineffective assistance of counsel claim lacks merit can properly stand on the letter alone, which belies and rebuts Petitioner's claim that trial counsel failed to advise him of the consequences of not accepting the plea offer versus being convicted by the jury.

Petitioner requests that this Court conduct its own evidentiary hearing and relies on *Coombs v. DiGuglielmo*, 581 F. App'x 129 (3d Cir. 2014). This support is misguided. *Coombs* stands for the principle

3. Petitioner's petition and supplemental petition for a writ of *habeas corpus*, (ECF 1, 26), is **DENIED**; and

4. No probable cause exists to issue a certificate of appealability.[2]

5. The Clerk of Court is **DIRECTED** to mark this matter **CLOSED**.

**BY THE COURT:**

*/s/ Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

that "a District Judge may not reject a Magistrate Judge's factual finding without holding its own evidentiary hearing," *id.* at 133, an issue not present here. Moreover, a review of the docket reveals no request from Petitioner to be appointed counsel beyond the scope of what was appointed by Judge Lloret.

Based on the analysis set forth, Petitioner's ineffective assistance of counsel claim lacks foundation in fact, and as such, Petitioner's objection to the R&R is overruled, Judge Arteaga's Report and Recommendation is adopted, and Petitioner's *habeas* claim is denied. *See Lewis v. Wilson*, 748 F. Supp. 2d 409, 430 (E.D. Pa. 2010) ("Even under *de novo* review, Petitioner cannot prevail on an unsupported ineffective assistance of counsel claim because he bears the burden of satisfying the two-part Strickland test.").

[2] A district court may issue a certificate of appealability only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004). For the reasons set forth in the R&R, this Court concludes that no probable cause exists to issue such a certificate in this action because Petitioner has not made a substantial showing of the denial of any constitutional right. Petitioner has not demonstrated that reasonable jurists would find this Court's assessment "debatable or wrong." *Slack,* 529 U.S. at 484. As such, there is no basis for the issuance of a certificate of appealability.